IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CLAYTON J. BUCHANAN                                                    PLAINTIFF

    V.                      CIVIL ACTION NO. 2:15-CV-2089-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                      DEFENDANT

## **FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court finds that the ALJ's RFC assessment is not supported by substantial evidence. The evidence reveals doctors have diagnosed the Plaintiff with bipolar disorder and antisocial personality disorder. Dr. Patricia Walz conducted two consultative exams and concluded the Plaintiff had marked impairments in social functioning; responding appropriately to usual work situations and changes in a routine work setting; and, making judgments on complex work-related decisions. (Tr. 442-443) Further, Plaintiff's treating counselor, Susan Smith, having treated the Plaintiff since 2012, opined he had marked limitations with regard to his ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended

periods; accept instructions and respond appropriately to criticism from supervisors; and, get along with coworkers or peers without distracting them or exhibiting behavioral extremes.  Further, she assessed severe limitations in the areas of performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances; sustaining an ordinary routine without special supervision; working in coordination with or proximity to others without being distracted by them; completing a normal workday and workweek without interruptions from psychologically based symptoms; and, performing at a consistent pace without an unreasonable number and length of rest periods.  See *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (holding opinion of a treating physician is accorded special deference and will be granted controlling weight when well supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence in the record).

Claiming to have given Dr. Walz's opinion great weight, the ALJ concluded the Plaintiff could perform jobs requiring frequent judgment for simple work-related decisions, frequently understand and carry out complex instructions, and to occasionally exercise judgment for complex work-related decisions, interact with the public and co-workers, and deal with changes in work settings.  Given that the overall record supports the assessments of Dr. Walz and Ms. Smith, the Court finds remand is necessary to allow the ALJ to reconsider the Plaintiff's RFC.

Additionally, due to a flawed RFC, the Court does not believe the hypothetical questions posed to the vocational expert included all of the Plaintiff's impairments.  Thus, the vocational expert's testimony does not constitute substantial evidence to support the ALJ's decision.  *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (hypothetical question to the vocational expert needs to include only those impairments that are substantially supported by the record as a whole)).

On remand, the ALJ is directed to recontact Dr. Walz and Ms. Smith and obtain up-to-date RFC assessments from them, requesting that they explain how any marked or severe limitations might affect the Plaintiff's ability to work in a competitive environment and around co-workers, supervisors, and the public. Upon reconsideration of the Plaintiff's RFC, based on the additional RFC assessments to be obtained from Dr. Walz and Ms. Smith, the ALJ should reformulate the hypothetical question to the VE to include all of the Plaintiff's impairments.

IT IS SO ORDERED AND ADJUDGED on this the 27th day of May, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE